UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN C.  TANIS, III, | ) | CASE NO.  4:10CV2615 |
| | ) | |
| | ) | |
| Petitioner | ) | JUDGE JAMES S.  GWIN |
| | ) | |
| -vs- | ) | |
| | ) | |
| J.T. SHARTLE, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | AND  ORDER |
| | ) | |
| Respondent. | ) | |

In 2010, pro se Petitioner John C.  Tanis, III filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania.  See Tanis v.  Shartle, No.  3:10cv2202 (M.D. Pa. filed Oct. 26, 2010). Petitioner was incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I.  Elkton) at the time the he filed his Petition.

Upon initial review the Petition, Judge A. Richard Caputo determined the court lacked personal jurisdiction over Petitioner's custodian.  As a consequence, he issued an Order on

November 12, 2010 transferring the case to the Northern District Court of Ohio.  The matter was

subsequently filed in this Court under the above-captioned case number.

### Background

Petitioner claims that when his sentence first started, prison personnel told him he

would only receive 3 months placement in a half-way house.  He claims he repeatedly protested this

determination because he will not have family or friends to support his reentry to society, he is

without funds to transition, and he is a 62 years old heart attack survivor.

Petitioner alleges he has never been evaluated for early release under 18 U.S.C. §

3624(c)(6)(B), "the Second Chance Act." He asserts, however, that he meets all of the criteria

needed for an extended placement in a Community Corrections Center (C.C.C.).  Instead of relying

on his age and limited financial/family support, the BOP has allegedly discriminated against him by

focusing its efforts on an inmate's risk of recidivism.  Specifically, he points to a Memorandum,

dated June 24, 2010, from D. Scott Dodrill, Assistant Director for the BOP's Correctional Programs

Division to Chief Executive Officers.  The Memorandum explains:

> Our RRC resources are limited and must be focused on those inmates
> most likely to benefit from them in terms of anticipated recidivism
> reduction.  In other words, our decisions are to be based on an
> assessment of the inmates's risk of recidivism and our expectation
> that RRC placement will reduce that risk.

(Pet.'s Ex. A.,at 1.)  Petitioner argues this policy is discriminatory against "inmates in whole." He

believes the BOP will not sufficiently evaluate his medical needs because he does not fall within its

predetermined class of inmates entitled to lengthier placement in a half-way house.  He argues that

this is a violation of his constitutional rights under the Equal Protection Clause.

Petitioner seeks an order from this Court directing the BOP to perform an individual

review of his eligibility for early release under the Second Chance Act.  Further, he seeks an order

advising the BOP of the need to consider extended C.C.C.  placement based on a prisoner's medical

needs and indigent status.  In the alternative, he seeks placement in Home Confinement pursuant to

18 U.S.C. 3624(c)(2).

### *Mootness*

The Bureau of Prisons' Inmate Locator indicates that Petitioner has already been

released to a C.C.C. See http://www.bop.gov/iloc2/LocateInmate.jsp.  Article III, Section 2 of the

United States Constitution provides that federal Courts may adjudicate only live cases or

controversies. *See Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990). The injury must be

"an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual

or imminent,' " not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

(1992) (citations omitted). If an event occurs subsequent to the filing of a lawsuit which deprives

a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal.

*See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir.2004).

In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner

who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."

*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). In this case, by

virtue of Petitioner's release from custody, Warden Shartle can no longer provide the requested

relief. Consequently, the Court can no longer consider Petitioner's Section 2241 Petition.

### *Conclusion*

Based on the foregoing, this action is dismissed as **moot**.  The court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.[1]

IT IS SO ORDERED.


Dated: April 5, 2011                          s/      James S. Gwin
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[1]The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

-4-